```
              UNITED STATES DISTRICT COURT FOR THE
               WESTERN DISTRICT OF NORTH CAROLINA
                       CHARLOTTE DIVISION
                         3:03CR207-MU
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | <u>O R D E R</u> |
| | ) | |
| **ANTONIO DAWON BRIGGS,** | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the defendant's "Motion [F]or [A] New Trial, filed June 6, 2007. For the reasons stated herein, the defendant's Motion will be <u>denied</u>.

According to the record of this matter, on March 29, 2005, a Superceding Bill of Indictment was filed, charging the defendant with having been a convicted felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) (Count One); and with having unlawfully possessed a firearm after previously having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §922(g)(9). After entering pleas of "not guilty" to the subject charges, the defendant invoked his right to a jury trial.

To that end, on November 14, 2005, a jury trial was conducted. At the conclusion of that trial, the defendant was convicted of both charges. On December 27, 2005, the Court entered an Order denying defense counsel's Motion for Acquittal or New

Trial. Then, on March 20, 2006, the Court entered another Order denying the defendant's pro-se Motion for Judgment of Acquittal. However, on May 31, 2006, the Court granted both defense counsel's oral motion to withdraw and the defendant's letter-motion for the appointment new counsel. New counsel was appointed on June 6, 2006.

Thereafter, on May 23, 2007, the Court held the defendant's Sentencing Hearing. On that occasion, the Court sentenced the defendant to a term of 66 months imprisonment. The Court's Judgment was filed on May 24, 2007.

Now, by the instant pleading, the defendant has filed a Motion for a New Trial, under Federal Rule of Criminal Procedure 33. In support of this Motion, the defendant asserts that the prosecutor suborned perjury from its chief witness, a Charlotte Mecklenburg Police Officer; and that such witness did, in fact, commit perjury when he testified concerning the underlying facts of this case despite the fact that such witness had not actually been present at the time of the defendant's discovery or arrest.

While it is well settled that Rule 33 affords a district court with the discretion to grant a new trial if the interest of justice so requires, it is equally clear that the court "should exercise its discretion to grant a new trial sparingly, and should do so only when the evidence weighs heavily against the verdict." United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (internal

**2**

quotations omitted).

As the defendant correctly noted, the long-standing test which the Fourth Circuit Court of Appeals employs for such motions requires that the defendant establish each of the following: "(1) the evidence is newly discovered; (2) the movant exercised due diligence in discovering the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues; and (5) the evidence would probably result in an acquittal at a new trial." United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989).

In the instant case, the defendant points to evidence that the officer who testified against him at trial was not present when he was found in possession of the firearm and arrested. The defendant contends that the officer merely was testifying to information which the responding/arresting officer had recorded in his notes. However, it is not even clear that such information can be deemed newly discovered inasmuch as the defendant could and should have been aware of the identity of the officer who actually arrested him at the time of his trial.

Moreover, even if the defendant's evidence does tend to establish that the officer who testified was not the officer who discovered and arrested him, such information would be grounds for impeaching the officer's testimony, not for supporting a verdict of "not guilty." Furthermore, the subject evidence does not relate to

3

a material issue in the case, i.e., whether the defendant previously had been convicted of offenses which prohibited him from lawfully possessing a firearm; and whether the defendant was found in unlawful possession of a firearm on the occasion in question.

Indeed, the defendant does not now deny that he was found in possession of a firearm. Rather, he simply complains that his possession was discovered at an earlier time of day by someone other than the witness who testified against him. Needless to say, however, that argument does not carry the day for the defendant. Consequently, the defendant's Motion for a New Trial must be denied.

**NOW, THEREFORE, IT IS ORDERED** that the defendant's Motion for a New Trial is **DENIED**.

**SO ORDERED.**

Signed: July 13, 2007

Graham C. Mullen
United States District Judge